**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| JACK EHLEITER,　　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>EVANSTON INSURANCE CO.,<br><br>　　　　　　　　　　　　　　　　　　　　　　　　　　　Defendant. | 2006-CV-0026 |

TO:　Joel H. Holt, Esq.
　　　　Matthew J. Duensing, Esq.

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

THIS MATTER came before the Court upon Defendant's Motion For Reconsideration of Order Dated February 15, 2008 (Docket No. 61). Plaintiff filed a response to said motion , and Defendant filed a reply thereto.

Pursuant to Local Rule of Civil Procedure 7.3, parties may seek reconsideration of an order issued by a judge or magistrate judge of this Court based upon "1. intervening change in controlling law; 2. availability of new evidence, or; 3. the need to correct clear error or prevent manifest injustice." LRCi 7.3 (formerly, LRCi 7.4). It is widely recognized that the "'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Smith v. City of Chester*, 155 F.R.D. 95, 96 (E.D. Pa. 1994)

*Ehleiter v. Evanston Ins. Co.*
2006-CV-0026
Order Denying Defendant's Motion For Reconsideration
Page 2

(citation omitted). Such a motion "[i]s not a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT & T of the Virgin Islands*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004).

Defendant argues that production of the documents as ordered will violate its attorney-client privilege and work product doctrine. However, the Court already made a finding regarding the documents specifically identified by Bates Stamp number. In addition, Defendant never asserted the joint defense privilege in the underlying motion to compel. "Parties are not free to relitigate issues that the Court has already decided, nor should parties make additional arguments which should have been made before judgment." *Smith*, 155 F.R.D. at 97 (citation omitted).

Nothing in Defendant's motion or reply persuades the Court that its previous order requires modification or reversal.

Accordingly, it is now hereby **ORDERED** that Defendant's Motion For Reconsideration of Order Dated February 15, 2008 (Docket No. 61), is **DENIED**.

*Ehleiter v. Evanston Ins. Co.*
2006-CV-0026
Order Denying Defendant's Motion For Reconsideration
Page 3

ENTER:

Dated: April 8, 2008

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE