**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| JACK EHLEITER, | |
| Plaintiff, | 2006-CV-0026 |
| v. | |
| EVANSTON INSURANCE CO., | |
| Defendant. | |

TO:   Joel H. Holt, Esq.
        Matthew J. Duensing, Esq.

### ORDER

THIS MATTER came before the Court upon Plaintiff's Motion For Reconsideration of Magistrate's Order Dated May 14, 2008[,] Granting Motion to Stay (Docket No. 75) and Plaintiff's Motion For Oral Arguments (Docket No. 77). Defendant filed a response to the motion for reconsideration, and Plaintiff filed a reply thereto. This order is issued without necessity of response to the motion for oral arguments.

Pursuant to Local Rule of Civil Procedure 7.3, parties may seek reconsideration of an order issued by a judge or magistrate judge of this Court based upon "1. intervening change in controlling law; 2. availability of new evidence, or; 3. the need to correct clear error or prevent manifest injustice." LRCi 7.3 (formerly, LRCi 7.4). It is widely recognized

*Ehleiter v. Evanston Ins. Co.*
2006-CV-0026
Order
Page 2

that the "'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Snith v. City of Chester*, 155 F.R.D. 95, 96 (E.D. Pa. 1994) (citation omitted). Such a motion "[i]s not a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT & T of the Virgin Islands*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004).

Plaintiff argues that Defendant's underwriting file and the settlement agreement between Evanston, ACE, and GSI are not covered by the attorney-client privilege or work product doctrine. Consequently, the order granting a stay of the order compelling their production must be vacated. However, Defendant's appeal concerns these very documents. Hence, the Court's finding, in it's order granting a stay pending appeal, that production of the documents at issue in advance of resolution of Defendant's appeal would effectively deny any protection that might be afforded in the event Defendant's appeal is granted.

Nothing in Defendant's motion or reply persuades the Court that its previous order requires modification or reversal.

Accordingly, it is now hereby **ORDERED**:

1. Plaintiff's Motion For Oral Arguments (Docket No. 77) is **DENIED.**

*Ehleiter v. Evanston Ins. Co.*
2006-CV-0026
Order
Page 3

    2.    Plaintiff's Motion For Reconsideration of Magistrate's Order Dated May 14, 2008[,] Granting Motion to Stay (Docket No. 75), is **DENIED**.

ENTER:

Dated: June 3, 2008

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE